# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

ANTHONY F. DURAN,

        Applicant,

v.                                                     CV 10-0884 MCA/WPL

JAMES JANECKA,

        Respondent.

### ORDER TO SUBMIT SUPPLEMENTAL BRIEFING

On July 22, 1997, a jury in the Twelfth Judicial District for the County of Otero found Anthony F. Duran guilty of kidnaping, aggravated assault, aggravated burglary, tampering with evidence, theft of a credit card, and felon in possession of a firearm. (Doc. 11 Ex. A at 1-2.)[1] Though he was originally sentenced to twenty-seven years incarceration followed by two years parole (*id.* at 2-3, as amended by Ex. B at 2-3), the court amended his sentence to forty-seven years incarceration followed by two years parole after imposing habitual offender enhancements. (Ex. C.) Duran has now filed a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody. (Doc. 1.) This case was referred to Magistrate Judge Karen Molzen by District Judge M. Christina Armijo to prepare a Proposed Finding and Recommended Disposition ('PFRD') (Doc. 6), and the case was subsequently reassigned to me. (Doc. 12.) After a review of the record and pleadings, I find that Duran's Petition includes both exhausted and unexhausted claims. Because the Respondent did not indicate that the Petition is mixed in his Answer (Doc. 11), I will

---

[1] Unless otherwise indicated, all cited exhibits are attached to Doc. 11 in cause number CV 10-0884.

provide Duran with notice and an opportunity to respond before preparing my PFRD.

Duran has raised eleven separate claims in his Petition: (1) ineffective assistance of counsel at trial (Doc. 1 at 10-22); (2) juror misconduct (*id.* at 22-24); (3) double jeopardy (*id.* at 24-29); (4) judicial misconduct (*id.* at 30); (5) involuntary waiver of presence at a post-trial hearing (*id.* at 30-33); (6) prosecutorial misconduct (*id.* at 33-35); (7) nondisclosure of favorable evidence (*id.* at 35-36); (8) ineffective assistance of counsel at the post-trial hearing by two different attorneys (*id.* at 37-39); (9) illegal search and seizure (*id.* at 40); and (10) illegally obtained consent to search (*id.* at 41). Within his claim of ineffective assistance of counsel at trial, Duran has alleged numerous grounds for relief, including that his trial counsel failed to communicate with him, investigate his case, inform him of the strength of the state's case, file motions to suppress, and adequately challenge the state's evidence at trial. (*Id.* at 10-22.) Duran additionally alleges that his trial counsel knowingly had him present false testimony to the court. (*Id.* at 17.)

Following his conviction, Duran pursued two direct appeals and one state habeas corpus action. In his first direct appeal, Duran raised the issues of juror misconduct, prosecutorial misconduct, and sufficiency of the evidence. (Ex. J at 5-6.) The court of appeals remanded for a hearing on the prosecutorial misconduct issue, but denied relief on the other two issues. (Ex. N.) Duran appealed the denial of relief on these two issues by requesting a writ of certiorari to the New Mexico Supreme Court, which was denied. (Ex. O at 1.) After the trial court held a hearing on the remanded issue and denied relief (Ex. S), Duran appealed to the court of appeals and then to the New Mexico Supreme Court claiming judicial misconduct, prosecutorial misconduct, ineffective assistance of counsel at the hearing, and involuntary waiver of his presence at the hearing. (Ex. U at 12; Ex. W at 1-3; Ex. X at 1.) His appeals were denied at all levels. (Ex. W; Ex. Y.)

Duran then brought a petition for a writ of habeas corpus in the state district court raising

several grounds for relief.[2] (Doc. 1 Ex. 4.) These included whether the search and the search warrant were proper, whether his consent to search was proper, whether his sentence is legal regarding habitual offender enhancements, whether he was denied effective assistance of counsel at trial and at the hearing on remand, whether the waiver of his presence at the hearing on remand was proper, whether the prosecution failed to disclose favorable evidence, whether there was juror misconduct, and whether he was punished for exercising his right to a trial. (Doc. 1 Ex. 4; Ex. BB; Ex. EE at 5-6.) The court dismissed all but two grounds summarily, appointed counsel, and allowed an amended brief to be filed on the issues of ineffective assistance of trial counsel and juror misconduct. (Ex. BB.) The amended habeas petition raised most of the issues raised in the original habeas petition. (Ex. EE.) The petition was denied without a hearing (Ex. HH), and Duran appealed the denial by petitioning for a writ of certiorari to the New Mexico Supreme Court. (Ex. II.) In that petition, Duran raised just two questions for review: (1) "whether the district court erred in summarily dismissing Mr. Duran's petition for writ of habeas corpus which alleged ineffective assistance of counsel during plea proceedings at the trial level[;]" and (2) "whether the trial court erred in ruling that the defendant's counts [of assault, kidnaping and burglary] did not merge." (*Id.* at 2.)

An applicant for relief under 28 U.S.C. § 2254 must first exhaust the remedies available in state court. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Bland v. Sirmons*, 459 F.3d 999, 1011 (10th Cir. 2006) (citations omitted). To satisfy this requirement the applicant must "give the state courts one

---

[2] The copy of this petition in the Record Proper and the copy attached to the Respondent's Answer are missing all handwritten pages. (Ex. AA.) While the copy attached to Duran's Petition is more complete, Ground Three (in part), Ground Four and Ground Five are missing. (Doc. 1 Ex. 4.) The nature of the grounds can be discerned from the district court's Partial Summary Dismissal and Order Appointing Counsel. (Ex. BB.)

full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). This means both adequately presenting the factual bases of the claim and presenting it through all available levels on direct appeal[3] or through a full round of state post-conviction review.[4] *See id.* at 842-45; *Castille v. Peoples*, 489 U.S. 346, 350-51 (1989); 2 RANDY HERTZ & JAMES S. LIEBMAN, FEDERAL HABEAS CORPUS PRACTICE AND PROCEDURE §23.3b, at 1205-14 (6th ed. 2011). Furthermore, *Rose v. Lundy*, 455 U.S. 509 (1982), requires total exhaustion, meaning that each claim raised in a habeas petition must be exhausted. The total exhaustion requirement has been amended, however, to allow a court to reach the merits of a mixed petition when it is clear that each claim must be denied. 42 U.S.C. § 2254(b)(2); *see also Williams v. Jones*, 571 F.3d 1086, 1089 (10th Cir. 2009).

Upon my review of the record, it appears that Duran has submitted a mixed petition by including both exhausted and unexhausted claims. The following claims have been exhausted by a complete direct appeal or a full round of post-conviction review: (1) juror misconduct; (2) judicial misconduct; (3) prosecutorial misconduct; (4) ineffective assistance of counsel at the hearing on remand; (5) involuntary waiver of his presence at the hearing; (6) ineffective assistance of trial counsel during plea proceedings; and (7) double jeopardy in failing to merge the assault, kidnaping

---

[3] New Mexico has a two-tiered appellate court system for most cases in which a direct appeal lies with the state court of appeals and discretionary review rests with the state supreme court. *Smith v. Sec'y of N.M. Dep't of Corr.*, 50 F.3d 801, 814 n. 20 (10th Cir. 1995).

[4] A full round of state post-conviction review includes all procedures that are an "established part" of the state's post-conviction review process. *O'Sullivan*, 526 U.S. at 845. In New Mexico, it is clearly established that an appeal to the New Mexico Supreme Court is available from the denial of a writ of habeas corpus. NMRA 5-802 (2009); *see also Smith*, 50 F.3d at 820, 821. Thus, an appeal from the denial of a writ is an established part of the state habeas corpus proceeding and so must be taken to complete the full round of state post-conviction review.

and burglary counts. However, other claims have not been exhausted, including: (1) ineffective assistance of trial counsel after the plea proceedings; (2) double jeopardy as to the habitual offender enhancements; (3) nondisclosure of favorable evidence; (4) illegal search and seizure; and (5) illegally obtained consent to search.

While some of Duran's claims could be readily dismissed on the merits, some of his claims present more complex issues. Accordingly, it would not be appropriate to review them and ignore the exhaustion requirement.

Despite the Respondent's "duty to advise the district court whether the prisoner has, in fact, exhausted all available state remedies," *Granberry v. Greer*, 481 U.S. 129, 134 (1987), the Respondent here did not advise me of the mixed nature of Duran's Petition. Rather, the Respondent affirmatively stated that Duran's claims have been exhausted. (Doc. 11 at 11.) However, the Respondent also explicitly declined to waive the exhaustion requirement. (*Id.*). Because the Respondent has not waived the exhaustion requirement, I must consider whether the Applicant's claims are exhausted and whether exhaustion should be invoked *sua sponte*. *See* 28 U.S.C. § 2254(b)(3). Before invoking exhaustion *sua sponte*, I will provide Duran with notice and an opportunity to respond.[5]

IT IS THEREFORE ORDERED that the parties may submit supplemental briefing addressing the issue of exhaustion. These briefs may address whether the claims are exhausted,

---

[5] The Tenth Circuit has not made it clear whether or not notice and an opportunity to respond are required before a court can raise exhaustion *sua sponte*; however, notice and an opportunity to respond are required where procedural default will be invoked *sua sponte*, *see United States v. Wiseman*, 297 F.3d 975, 980 (10th Cir. 2002) (citation omitted), and a number of courts in this circuit have provided the same before raising exhaustion. *See, e.g.*, *Williams*, 571 F.3d at 1089 (10th Cir. 2009) (noting that supplemental briefs on the issue of exhaustion were received where the circuit court raised the issue *sua sponte*); *Beatty v. Jones*, No. 08-cv-02183-WYD, 2010 WL 3873860, at *8 (D. Colo. Sept. 29, 2010) (stating that the petitioner was provided notice and an opportunity to respond through an order to show cause).

whether an exception to exhaustion applies, and what action the court should take regarding this mixed petition.  If Duran chooses to respond, his brief is due no later than **April 27, 2011**.  If the Respondent wishes to file a response to the supplemental brief, the response is due no later than **May 11, 2011**.  Duran may reply to the Respondent's response, and that reply is due no later than **May 25, 2011**.

                                                  William P. Lynch
                                                  United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any *pro se*
party as they are shown on the Court's docket.