IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ANTHONY F. DURAN,

    Applicant,

v.                                                                CV 10-0884 MCA/WPL

JAMES JANECKA,

    Respondent.

**ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
RECOMMENDED DISPOSITION**

This matter is before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 26) and Petitioner Anthony F. Duran's objections thereto (Doc. 28). The PFRD recommended that Duran's claims of ineffective assistance of counsel at trial, invalid consent to search, unknowing and unintelligent waiver of the Fifth Amendment, and failure to disclose favorable evidence be found unexhausted and his Petition for a Writ of Habeas Corpus (Doc. 1) be deemed "mixed." The Magistrate Judge additionally recommended that the Court further consider Duran's exhausted claims if he elects to delete the unexhausted claims by filing a one-page certification. If he does not delete the unexhausted claims, the Magistrate Judge recommended that the Petition be dismissed without prejudice. When he filed his objections, Duran also filed a motion requesting that the Court accept his objections as timely. (Doc. 27.) Because his objections were timely, this motion is denied as moot. After conducting a *de novo* review, the Court finds that Duran's objections are without merit and adopts the PFRD as an Order of the Court.

In his objections, Duran first argues that he had good cause for failing to exhaust his claims. (Doc. 28 at 1-2.) The Magistrate Judge agreed that good cause was likely present for the identified

and discussed unexhausted claims, but he did not thoroughly analyze the issue because he found that the unexhausted claims lacked potential merit. (Doc. 26 at 11-12.) Out of an abundance of caution, this Court construes Duran's good cause objection as a claim that the attorney who represented him during his state habeas corpus proceeding was ineffective. (Doc. 28 at 1-2.) Such a claim was not presented in the Petition for Writ of Habeas Corpus (Doc. 1) or the Supplement to the Petition (Doc. 19). New claims for relief may not be asserted in objections to a PFRD. *See United States v. Garfinkle*, 261 F.3d 1030, 1031 (10th Cir. 2001) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)) ("In this circuit, theories raised for the first time in objections to the Magistrate Judge's report are deemed waived."). Thus, the Court cannot consider this new claim.

The Magistrate Judge thoroughly discussed the potential merit of each of Duran's unexhausted claims, and Duran raises no new arguments in his objections regarding these claims. (*See* Doc. 28 at 12-18; Doc. 28 at 2-7.) Upon review, the Court agrees with the Magistrate Judge's findings and conclusions. These claims are without merit and do not warrant a stay of Duran's Petition. The Court notes that the PFRD and this Order adopting it do not foreclose Duran's arguments that his counsel failed to investigate or properly advise him in relation to plea discussions. (*See* Doc. 28 at 5-6.) They also do not address Duran's claim that counsel was ineffective during the post-trial motion for a new trial by waiving his presence. (*See id.*) These claims were properly exhausted, and the Court will decide these claims following an evidentiary hearing as described in the PFRD. (*See* Doc. 26 at 19-20.)

In his objections, Duran raises one additional basis for relief that was not considered by the Magistrate Judge in discussing his consent to search and waiver of his *Miranda* rights. (Doc. 28 at 4.) He states that he "requested an attorney numerous timed durring [sic] pre- and post-arrest." (*Id.*)

Apparently, Duran contends that his right to counsel was violated, though that claim is subsumed within other assertions of error. If this claim was newly asserted in the objections, the Court would not consider it. *See supra* at 2. However, a search of Duran's federal Petition with a fine-toothed comb reveals that he did mention that he requested an attorney within his claims that his Fourth and Fifth Amendment rights were violated. (*See* Doc. 1 at 43, 44.)

The right to counsel is an important constitutional guarantee, protected by both the Fifth and Sixth Amendments, and an allegation that this right was violated is not taken lightly by this Court. Despite the Court's concern that the right to counsel be strongly protected, Duran's attempt to raise this claim fails.

First of all, the claim was not properly presented in Duran's federal habeas Petition. A petition must specify the available grounds for relief and state the facts supporting each ground. HABEAS CORPUS RULE 2(c), 28 U.S.C. foll. § 2254. While a petitioner is not required to identify a legal theory, he is required to provide a specific statement of facts in order to demonstrate that he is entitled to relief. *See Mayle v. Felix*, 545 U.S. 644, 655-56 (2005); *Jones v. Gomez*, 66 F.3d 199, 204–05 (9th Cir. 1995) (citation omitted). Duran did not provide any factual support for this claim or even make clear that he was asserting violation of his right to counsel as a ground for relief. Instead, he claimed that the consent form was invalid because it was not particularized and was altered after he signed it and that he was too incapacitated to voluntarily and knowingly waive his *Miranda* rights. (Doc. 1 at 43, 44.) He mentioned the attorney request in passing as support for these other grounds for relief. (*Id.*) He asserted no facts demonstrating his entitlement to relief, such as when or to whom the request was made or how he was prejudiced by the alleged violation. This was merely a general averment buried within Duran's Petition. *See* HABEAS CORPUS RULE 2(c), 28

U.S.C. foll. § 2254; *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005) (discussing a substantially similar rule of appellate procedure); *see also de la O v. Hous. Auth. of the City of El Paso*, 417 F.3d 495, 501 (5th Cir. 2005) (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Furthermore, this claim was never presented to the state court, and a stay to allow Duran to exhaust the claim is inappropriate. In this instance, Duran cannot demonstrate good cause excusing his failure to raise the claim in earlier proceedings. *See Fairchild v. Workman*, 579 F. 3d 1134, 1153-55 (10th Cir. 2009); *Clements v. Maloney*, 485 F.3d 158, 169-71 (1st Cir. 2007). Duran's basis for arguing good cause is that he specifically requested that his habeas counsel raise all issues in the amended state habeas petition that he had raised in his original state habeas petition. (Doc. 28 at 1.) However, unlike the other unexhausted claims, neither Duran nor his attorneys mentioned that Duran requested counsel either prior to or following his arrest in any pleadings filed with the state court. Since Duran made no effort to bring this issue to light at the state level, the Court cannot find that his efforts were thwarted by his habeas counsel. Because Duran can not demonstrate good cause for his failure to raise this claim, he may not take advantage of the stay and abeyance procedure.

Finally, the Magistrate Judge recommended that Duran be ordered to notify the Court within thirty days if he elects to amend his Petition. Duran requested an extension of this deadline, though he did not specify the length of the extension. (Doc. 29.) Duran's options at this point are either (1) to amend his federal Petition to dismiss his unexhausted claims, or (2) to have the entire Petition dismissed without prejudice. Though Duran may not find these options ideal, thirty days is sufficient to consider them and to make a decision. Accordingly, his request (Doc. 29) is denied.

IT IS THEREFORE ORDERED that:

1) Duran's Motion for Order to accept objection to the proposed findings as timely (Doc. 27) is denied as moot;

2) the Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 26) are adopted by the Court;

3) Duran notify the Court within thirty (30) days via a one-page certification stating that he elects to delete his unexhausted claims if he chooses to delete his unexhausted claims of ineffective assistance of counsel at trial, invalid consent to search, unknowing and unintelligent waiver of his Fifth Amendment rights, and failure to disclose favorable evidence; and

4) Failure to provide a one-page certification within thirty (30) days from the entry of this order will result in this Court dismissing the entire federal Petition without prejudice, and Duran will likely be barred by the statute of limitations from raising his habeas claims in federal court in the future.

                                                M. CHRISTINA ARMIJO
                                                UNITED STATES DISTRICT JUDGE