# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

ANTHONY F. DURAN,
            Applicant,

v.                                                    CV 10-0884 MCA/WPL

JAMES JANECKA,

            Respondent.


## ORDER ADOPTING MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter is before the Court on Magistrate Judge William P. Lynch's Proposed Findings and Recommended Disposition ("PFRD") (Doc. 62) and objections thereto from Respondent James Janecka (Doc. 67) and Applicant Anthony Duran (Doc. 68). The PFRD recommended dispositions as to Duran's Petition for Writ of Habeas Corpus as amended. (Doc. 1; Doc. 19; Doc. 31.) Janecka objects to Judge Lynch's decision to hold an evidentiary hearing on Duran's claim of ineffective assistance of counsel at the plea negotiation stage. (Doc. 67 at 1-2.) Further, Janecka and Duran each object to different conclusions of law by Judge Lynch with respect to that claim. (Doc. 67 at 2-6; Doc. 68 at 1-4.) Finally, Duran objects to Judge Lynch's findings of fact concerning that assistance-of-counsel claim, and he objects to Judge Lynch's conclusions of law concerning his double jeopardy claim. (Doc. 68 at 4-16.) Having conducted a *de novo* review of the record, including the transcript of hearing, *see* 28 U.S.C. § 636(b)(1)(B)-(C) (2012), the Court finds each of these objections to be without merit. Further, the Court strikes from the record Duran's two "supplemental" filings (Doc. 65; Doc. 69).

**DISCUSSION**

**I. Motion to Supplement**

As an initial matter, the Court addresses Duran's "supplement to his appointed counsel's objections" (Doc. 65) and his motion to supplement with additional objections (Doc. 69). These documents were filed by Duran himself, not by his counsel, despite the fact that Duran is a represented party (Doc. 33). As Duran has been repeatedly told (*see* Doc. 40; Doc. 55), this Court does not allow a represented party to make any filings or otherwise represent himself. D.N.M.LR-Civ. 83.5. Accordingly, Duran's supplemental response and his motion to supplement his objections will be stricken from the record.

**II. Ineffective Assistance of Counsel at Plea Negotiation Stage**

*A. Objections to the Evidentiary Hearing*

Janecka first objects to Judge Lynch's decision to hold an evidentiary hearing on Duran's claim of ineffective assistance at the plea bargain stage. His objection raises the same arguments that he made at the beginning of the evidentiary hearing itself (*see* Doc. 66 at 7-9) and that Judge Lynch considered and rejected in the PFRD (Doc. 62 at 5-6). Having fully reviewed the relevant law, the Court finds this objection to be without merit. The Court therefore overrules Janecka's objection to evidentiary hearing.

*B. Objections to Proposed Factual Findings*

Duran objects to several of Judge Lynch's factual findings. First, Duran disputes Judge Lynch's finding of credibility with respect to Canon Stevens, the former district attorney who prosecuted Duran's criminal case. In particular, Duran challenges Stevens' credibility on the issue of whether she offered Duran a twenty-year plea bargain. Having reviewed the parties' filings and the transcript of the evidentiary hearing *de novo*, the Court agrees with Judge Lynch's

credibility determination. Although Stevens admitted that she had little independent memory of her negotiations with Duran's counsel, she was confident that she would not have offered a twenty-year plea deal, and her notes are consistent with her testimony. Accordingly, the Court overrules Duran's objection to Judge Lynch's credibility determination with respect to Stevens.

Duran also objects to Judge Lynch's finding that the only formal plea offer that Stevens extended to Duran was the thirty-six-year offer. Judge Lynch's finding that Stevens actually made a thirty-six-year plea offer is consistent with the evidence and is not disputed by Duran. However, Duran contends that Stevens also extended plea offers of both twenty years and thirty years to him.

The existence of a twenty-year offer is not supported by either the evidence in the record or the testimony of the attorneys involved in the plea negotiations. Stevens was adamant that she would not have offered such a low plea offer in a case with the allegations and evidence against Duran, and her notes do not reflect that she ever made such an offer. Further, Duran's trial attorney, Edward Benavidez, insisted at the hearing that any offer from Stevens was higher than the twenty-three year plea that he was hoping to negotiate. (*See* Doc. 66 at 34 ("[W]hatever [Stevens] was offering was in excess of 23 years."; *id.* at 43 ("[The plea] would have been in excess of [twenty-three years], for sure . . . .").) Although the Court agrees with Judge Lynch's finding that Benavidez gave inconsistent testimony and was not fully credible, Benavidez's testimony as to the lack of a twenty-year plea is consistent with Stevens' testimony and notes.

Though Duran testified that he was told that a twenty-year plea existed, the Court concurs with Judge Lynch's finding that Duran's memory may be distorted by time and that his testimony may be motivated by a strong interest in earlier release. Further, although Duran attempts to make hay of the fact that several of his post-trial filings mention a twenty-year plea

bargain, two of the three documents that do so were filed several years later by either Duran himself or a post-trial attorney, making their reliability contingent on Duran's credibility. Finally, as Judge Lynch observed (Doc. 62 at 14), Duran's First Amended Docketing Statement (Doc. 11 Ex. J at 5) only mentions a twenty-year offer in passing while arguing another matter, and the statement appears inaccurate based on the context and content of the other testimony and notes. As such, the Court overrules Duran's objection as to whether Stevens offered a twenty-year plea bargain.

There is also scant evidence for Duran's claim that Stevens communicated a thirty-year plea offer to Benavidez. The only mention of thirty years appears in Stevens' notes, which present the number as a counterpoint to Benavidez's request for an eleven-year prison sentence with five years of probation. (*See* Doc. 52 Ex. 6 at 3.) Neither attorney testified that a thirty-year plea offer was made. Thus, the Court interprets the thirty-year statement as part of ongoing discussions between Benavidez and Stevens rather than a formal or informal plea offer to Duran.

The Court agrees with Judge Lynch's finding that Stevens did not make a twenty-year plea offer, and the Court finds that there is insufficient evidence that Stevens made any other plea offers to Duran. The Court therefore overrules Duran's objection to the finding that Stevens' only formal plea offer to Duran was one for thirty-six years. Consequently, having overruled the objections to Judge Lynch's factual findings and having conducted a *de novo* review of the evidence in this case, the Court adopts Judge Lynch's findings in full.

C. *Objections to Proposed Conclusions of Law*

In the PFRD, Judge Lynch determined that Duran had demonstrated objectively unreasonable assistance of counsel, but he also determined that Duran had failed to sufficiently

demonstrate that this unreasonable assistance resulted in prejudice. Janecka objects to the first conclusion, while Duran objects to the second.

1.  Reasonableness of Counsel's Performance

Judge Lynch's ruling that Benavidez provided objectively unreasonable assistance hinged on the fact that Benavidez advised Duran about the plea offer before conducting an investigation and did not change his advice after an investigation uncovered new evidence. Relying on persuasive authority from the Sixth Circuit and the American Bar Association, Judge Lynch ruled that defense counsel must advise his client of the elements of charges, the evidence, and the sentencing exposure faced as a result of pleading guilty or going to trial. (Doc. 62 at 18.) Judge Lynch further ruled that counsel is expected to "conduct reasonable investigation prior to providing the advice [on these topics] or determine that an investigation is unnecessary." (*Id.*) Alternatively, if an investigation occurs after this advice is given, "the attorney must discuss with the client any newly discovered evidence as it bears on the elements of the crimes charged and the client's options." (*Id.*) Applying this rule to Duran's circumstances, Judge Lynch found that Benavidez had not met his basic obligations in advising his client, as he had advised Duran of his plea options before conducting an investigation. (*Id.*) Janecka objects that Duran's stubbornness and his insistence on his innocence rendered Benavidez's failure to investigate reasonable, or at least not so unreasonable as to fall below constitutional standards. (Doc. 67 at 4-6.)

Janecka correctly points to the Supreme Court's holding in *Strickland v. Washington*, 466 U.S. 668 (1984), as governing. In *Strickland*, the Court stated that "strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Id.* at 690. Further, a defendant's statements or actions can impact the reasonableness of a defense attorney's actions.

*See id.* at 690-91.

Here, however, it was clear that at least some sort of investigation would be necessary before Benavidez could sufficiently advise Duran about the case against him and his sentencing exposure. The criminal information filed in July 1996 listed nine witnesses whose testimony provided the basis for the charges against Duran. In the face of overwhelming witness support for the State's charges, reasonable professional judgment would not support the conclusion that Benavidez had enough information to reasonably advise his client prior to conducting an investigation. *Cf.* ABA Standards for Criminal Justice, Pleas of Guilty 14-3.2(b) (3d ed. 1999) ("Defense counsel should not recommend to a defendant acceptance of a plea unless appropriate investigation and study of the case has been completed.") Indeed, Benavidez eventually did conduct investigations and interviews of the State's witnesses (*see* Doc. 62 at 15), providing further support for the conclusion that such investigations were part of his reasonable duties to Duran and that his earlier failure to investigate was not simply a strategic decision. Thus, it was not reasonable to advise Duran on the wisdom of going to trial or accepting a plea offer before completing a more thorough investigation, as reasonable professional judgment did not support a more limited investigation in this case. As such, Benavidez provided objectively unreasonable counsel, and the Court overrules Janecka's objection to the contrary.

2.  Resulting Prejudice

A showing of "prejudice from ineffective assistance of counsel where a plea offer has . . . been rejected because of counsel's deficient performance" is made when a defendant demonstrates "a reasonable probability that [1] [he] would have accepted the earlier plea offer had [he] been afforded effective assistance of counsel[, and] . . . [2] the plea would have been

entered without the prosecution cancelling it or the trial court refusing to accept it . . . ." *Missouri v. Frye*, 566 U.S. ---, --- 132 S. Ct. 1399, 1409 (2012).

Duran first objects to Judge Lynch's conclusion that he failed to demonstrate a reasonable probability that he would have accepted the earlier plea if afforded effective assistance of counsel. Duran cites case law from outside the Tenth Circuit to assert that a significant disparity between an imposed sentence and the maximum sentence that effective counsel would have obtained can serve as objective evidence to support a finding of prejudice. *See Raysor v. United States*, 647 F.3d 491, 495-96 (2d Cir. 2011) (citing *United States v. Gordon*, 156 F.3d 376, 381 (2d Cir. 1998)). However, Judge Lynch found that "the eleven-year disparity between the maximum term under the plea offer and the sentence actually imposed is not so substantial as to mandate a conclusion that Duran would have accepted the plea offer." (Doc. 62 at 20.) The Court agrees that this relative disparity is not great, particularly in light of Duran's testimony that the seven-year difference between an alleged twenty-year plea offer and a sentencing exposure of twenty-seven years would not have motivated him to accept that plea offer. Combine this fact with Benavidez's testimony that Duran was adamant about going to trial, and the Court fails to see any objective evidence demonstrating a reasonable probability that Duran would have accepted the thirty-six-year plea offer.

However, even if he could show a reasonable probability that he would have accepted that deal, Duran has also failed to demonstrate a reasonable probability that the trial court would have accepted a thirty-six-year plea agreement. As Judge Lynch observed, trial judges in New Mexico have complete discretion in accepting or rejecting plea agreements, *see State v. Leyba*, 453 P.2d 211, 214 (N.M. Ct. App. 1969), and the trial judge in Duran's case gave several indications that he would not have accepted a plea agreement here prior to trial. The judge

openly criticized plea bargaining as "put[ting] dangerous people on the streets," and he noted his disappointment that Duran had previously benefited from a plea bargain before ending up free to commit further crimes.[1] Jury Trial Tape Records 17:414-19. Most damning to Duran's objection, however, is the trial judge's subsequent statement that because Duran was "one of the most dangerous individuals that I have seen come through this courtroom" in eighteen years, "my purpose today and throughout this is to give you the maximum possible penalty that I can give you as a matter of law to see that you are never free in America again." *Id.* at 17:420-26. In the face of the trial judge's general disdain for plea bargains and his specific desire to maximize Duran's sentence, the trial recordings present strong evidence that the judge would not have accepted a plea agreement at any point in the proceedings, and Duran presents no evidence to show a reasonable probability to the contrary. Accordingly, the Court concludes that Duran cannot show prejudice resulting from Benavidez's deficiency as counsel, and the Court overrules Duran's objections on this count.

### III.    Double Jeopardy

Duran next objects to the determination that his kidnapping, aggravated assault, and aggravated burglary convictions did not merge for double jeopardy purposes. (Doc. 68 at 10.) He points in particular to two recent New Mexico appellate cases to argue that (1) the kidnapping for which he was convicted was incidental to the conduct underlying his aggravated assault and aggravated burglary convictions, and (2) the State's theory for his case, combined with the "vague and unspecific" nature of the State's aggravated burglary statute, mean that the kidnapping and aggravated assault charges are subsumed by the aggravated burglary charge and must therefore be vacated. (*Id.* at 12-13.)

---

[1] In fact, the trial judge had presided over one of Duran's previous convictions and plea agreements, suggesting some personal familiarity with Duran's circumstances. (*See* Doc. 11 Ex. D at 3-4 (listing Judge Robert M. Doughty II as the presiding judge in a 1986 prosecution against Duran).)

Section 2254 establishes "a difficult to meet and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. ---, ---, 131 S. Ct. 1388, 1398 (2011) (citation and internal quotation marks omitted) (construing 28 U.S.C. § 2254(d) (2006)). Relief under this statute is only available to a federal habeas petitioner when the state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," *id.* § 2254(d)(2).

Federal courts look to state-court decisions when determining whether criminal charges merge for double jeopardy purposes under the Fifth and Fourteenth Amendments. *Yparrea v. Dorsey*, 64 F.3d 577, 580 (10th Cir. 1995). Under New Mexico law, two offenses merge only when one offense "necessarily involves" another offense. *State v. Bachicha*, 808 P.2d 51, 53 (N.M. Ct. App. 1991). This is distinct from the "same transaction" test, which neither federal nor New Mexico law apply to the issue of merger. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932); *Bachicha*, 808 P.2d at 53.

For his first objection, Duran relies principally on *State v. Trujillo*, No. 30,563 (N.M. Ct. App. Aug. 27, 2012), a New Mexico Court of Appeals decision filed after the PFRD at issue here. In that case, after the defendant broke into the victim's home, the defendant restrained the victim so that he and his accomplice could attack the victim. *Id.*, slip op. at 2. The appellate court held that the defendant's kidnapping charge must be vacated because the restraint underlying the kidnapping charge was incidental to his aggravated battery charge. *Id.* However, the court noted

that its holding was limited to the facts at hand, observing that "not all cases will be so clear." *Id.*, slip op. at 16.

Here, *Trujillo* does not compel the conclusion that Duran's kidnapping conviction was unreasonable for double jeopardy purposes. Unlike the victim in that case, the victim here was placed under restraint, then fled her home with her child. As such, the facts in *Trujillo* are distinct from the facts here. Indeed, the appellate court in *Trujillo* expressly recognized that its holding might not be applicable in circumstances such as these. *See id.* ("As always, facts matter. Here, for example, if the Victim had been restrained and under restraint moved outside his home, we would have a more complicated and closer question."). Accordingly, the trial court's ruling that those offenses did not merge was not unreasonable, and this objection must be overruled.

Duran's second objection, relying on *State v. Swick*, 279 P.3d 747 (N.M. 2012), is equally unavailing. In that decision, the Supreme Court of New Mexico observed that where the same conduct results in multiple convictions under different statutes, "it may be inferred that the Legislature intended to authorize separate punishments" if each statute requires proof of a fact that the other does not. *Id.* at 752 (citing *Blockburger*, 284 U.S. at 304). Although the court goes on to explain that this inference can be rebutted by other indicia of legislative intent, *id.*, the fact that such an inference can be made is a clear indication that a court may reasonably conclude that separate punishments are intended when each criminal statute requires proof of a fact that the other does not. Kidnapping, aggravated assault, and aggravated burglary each require proof of a fact that the other offenses do not. (*See* Doc. 62 at 24.) As such, there was a reasonable basis for the trial court to conclude that the offenses in question did not merge, and we must defer to its judgment even though it did not expressly state its reasons for reaching this conclusion. *See*

*Harrington v. Richter*, 562 U.S. ---, ---, 131 S. Ct. 770, 784 (2011); *Aycox v. Lytle*, 196 F.3d 1174, 1177 (10th Cir. 1999). Thus, this objection must also be overruled.

**CONCLUSION**

**IT IS THEREFORE HEREBY ORDERED** that:

1) Duran's supplemental response (Doc. 65) and his motion to supplement his objections (Doc. 69) are stricken from the record;

2) the PFRD (Doc. 62) is adopted by the Court;

3) Duran's § 2254 Petition for Writ of Habeas Corpus as amended (Doc. 1; Doc. 19; Doc. 31) is denied;

4) this cause is dismissed with prejudice; and

5) a certificate of appealability is denied.

_____
M. CHRISTINA ARMIJO
UNITED STATES DISTRICT JUDGE